```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   ::
JOHNNIE L. PETWAY                                                  :    10-CV-1419(ARR)(CLP)
                                                                   :
                    Plaintiff,                                     :    NOT FOR PRINT OR
                                                                   :    ELECTRONIC
        -against-                                                  :    PUBLICATION
                                                                   :
THE NEW YORK CITY TRANSIT AUTHORITY, THE                           :    ORDER
STATE OF NEW YORK, THE NEW YORK STATE                              :
WORKERS' COMPENSATION BOARD,                                       :
                                                                   X
                    Defendants.
------------------------------------------------------------------
```

ROSS, United States District Judge:

Plaintiff Johnnie L. Petway brings this pro se action against the New York City Transit Authority, the State of New York, and the New York State Workers' Compensation Board. Plaintiff's request to proceed in forma pauperis is granted for the limited purpose of this order. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

Plaintiff alleges that he was employed by the New York City Transit Authority when he was injured on the job on October 15, 1995, October 22, 1995, and July 29, 1997. (Compl. at 3.)[1] These accidents caused injuries to his neck, back, left shoulder, left ankle and left knee, right ankle and lower right leg, and left wrist and forearm. (Id.) He further alleges that after the July 29, 1997 accident, he "began to experience total body pain, facial numbness and at time[s,] numbness of the limbs." (Id.) He states that he received a few years of physical therapy after

---

[1] Plaintiff's complaint is filed on multiple duplicate pages of a form complaint and is not consecutively paginated. Accordingly, the court refers to the page numbers consecutively assigned by the Electronic Case Filing system.

each incident. (Id.)

Since his injuries, plaintiff has sought workers' compensation pay, but was denied. (Compl. at 5.) Plaintiff alleges: "from the beginning, New York City Transit controverted and denied to the New York State Workers' Compensation Board . . . having knowledge of any of these accidents or the injuries suffered. In fact, [after] the accident of July 29th 1997, New York City Transit deliberately misrepresented to the Workers' Compensation Board that not only did they not know about my accident but that I was not authorized to use their vehicle, yet there was managerial staff that upon hearing about my accident came to the Hospital." (Compl. at 4.)

Plaintiff alleges that these acts violated his constitutional rights under the First and Fourteenth Amendments and constitute "human rights violations, applicable ADA violations, employee rights violations, contractual violations, overall unfair treatment, [violations of] all applicable labor laws, employment discrimination, [and] racial bias." (Compl. at 2.) He seeks $1.5 million from the New York City Transit Authority, an additional $500,000 from the State of New York, and should these demands not be met, monetary damages of $25 million. (Compl. at 6-7.)

## DISCUSSION

A. <u>Standard of Review</u>

In reviewing the complaint, the court is mindful that "[a] document filed <u>pro se</u> is to be liberally construed, and a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the

2

complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the in forma pauperis statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

B.  Subject Matter Jurisdiction

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. To invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To invoke diversity jurisdiction, the cause of action must arise between citizens of different states and the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332.

Plaintiff cannot invoke diversity jurisdiction under 28 U.S.C. § 1332 because both plaintiff and defendants are citizens of New York state. Nor has plaintiff presented a federal question. Although he alleges a violation of his constitutional rights, he has failed to establish any constitutional right to receive compensation from the Workers' Compensation Board. He

3

has not identified any other constitutional right that has been violated, or stated any facts that would support such an allegation. Although he invokes the Americans with Disabilities Act and various other federal and state laws, he fails to allege any facts that would support these claims. His single reference in his list of claims to unspecified discrimination and racial bias is unsupported by any factual allegations. A complaint is insufficient when it relies on "naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted); see also Bell v. Hood, 327 U.S. 678, 682-83 (1946) (a claim invoking federal question jurisdiction under 28 U.S.C. § 1331 may be dismissed for lack of subject matter jurisdiction if it is "wholly insubstantial and frivolous"). Accordingly, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    C.    <u>Eleventh Amendment Immunity</u>

Additionally, all of plaintiff's claims against the State of New York and the New York State Workers' Compensation Board must be dismissed because states and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for monetary damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. See Bd. of Tr. of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Since the state and the state agency are immune from claims for damages, all of plaintiff's claims against New York State and the New York State Workers' Compensation Board must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## **CONCLUSION**

For the foregoing reasons, plaintiff's complaint is dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
April 7, 2010